IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WILLIE ADAMS,              ) | |
|     Plaintiff,        ) | |
|                         ) | CIVIL ACTION NO. |
|   v.                        ) | 2:10cv924-MHT |
|                         ) | (WO) |
| THE CITY OF MONTGOMERY,     ) | |
|     Defendant.       ) | |

## OPINION AND ORDER

Defendant City of Montgomery has filed a motion to strike portions of plaintiff Willie Adams's response to the motion for summary judgment.

Federal Rule of Civil Procedure 12(f) applies only to pleadings: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Defendant's motion to "strike" evidence in a response to a motion for summary judgement is not a request to strike material from a pleading.  Mann v. Darden, 2009 WL 2019588 (M.D. Ala. July 6, 2009).  Nevertheless, in resolving the

defendant's summary-judgment motion, the court has implicitly considered the motion to strike as, instead, an objection to the evidence offered by Adams.  See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").  The court is capable of sifting through the evidence, as required by the summary-judgment process, without resort to an exclusionary process.

***

Accordingly, it is ORDERED that defendant City of Montgomery's motion to strike (Doc. No. 49) is denied.

DONE, this the 24th day of April, 2012.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE