IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:10cv924-MHT |
| | ) | (WO) |
| THE CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

### SUPPLEMENTAL OPINION AND ORDER

Following the revelation of previously undisclosed evidence, Adams v. City of Montgomery, civil action no. 2:10cv924-MHT (M.D. Ala. May 29, 2012) (Thompson, J.) plaintiff Willie Adams moves to vacate and for reconsideration of this court's order granting summary judgment in favor of defendant City of Montgomery in part. Adams v. City of Montgomery, 2012 WL 1414979 (M.D. Ala. Apr. 24, 2012) (Thompson, J.). For the reasons that follow, the reconsideration motion will be granted in part and denied in part.

## I.  TIMELINESS

Adams seeks relief under Federal Rules of Civil Procedure 59 and 60.  Under Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment.  This court entered its summary-judgment order on April 24, 2012.  As such, Adams had until May 22 to file a timely Rule 59 motion.  Adams, however, filed his Rule 59 motion two days late, on May 24.

Rule 60 has a more flexible timeliness requirement.  A movant seeking relief pursuant to Rule 60(b)(2) must file a motion within a "reasonable time" and "no more than one year after the entry of the judgment."  Fed. R. Civ. P. 60(c)(1).  Here, Adams promptly filed his Rule 60(b) motion after the discovery revelations came to light the weekend prior to trial (May 4th to 6th).  Thus, Adams's motion will be considered under Rule 60(b)'s heightened standards for reconsideration.  See Jones v.

Southern Pan Services, 450 Fed. App'x 860, 863 (11th Cir. 2012) (per curiam) (noting that an "untimely Rule 59 motion to vacate is properly treated as a Rule 60(b) motion").

## II.   RULE 60(b) STANDARD

"A movant seeking relief under Rule 60(b)(2) based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the summary judgment order; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action." Rease v. AT&T Corp., 239 Fed. App'x 481, 483 (11th Cir. 2007) (per curiam).  A Rule 60(b)(2) motion is "an extraordinary motion and the requirements of the rule must be strictly met."  Waddell v. Hendry County Sheriff's Office, 329

3

F.3d 1300, 1309 (11th Cir. 2003). "Similarly, a Rule 60(b)(6) motion, by which a court has discretion to grant [relief] for any other reason justifying relief from the operation of the judgment, is intended only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (internal quotation marks omitted).

## III.  DISCUSSION

Adams seeks reconsideration of two parts of this court's summary-judgment order.  First, Adams contends that the discovery revelations related to the timing of supervisor James Ivey's notification of Adams's internal-affairs complaint creates a genuine dispute of material fact as to whether the Employee Counseling Record was retaliatory.  On this point, Adams has met his burden at each stage of the Rule 60(b)(2) inquiry.

Some of the "Lilley documents" were disclosed after the court granted summary judgment on this claim; indeed,

4

these Lilley documents came to light the weekend prior to the scheduled trial date.  And, while Adams may not have exercised due diligence as to all the evidence that was improperly withheld, the existence of investigator Walter Lilley, Jr., was hidden from Adams's attorneys throughout discovery.  As such, Adams's attorneys had no reasonable notice that anyone besides city attorney C. Michael "Mickey" McInnish had information regarding the internal-affairs investigation.

The Lilley documents were material, not merely cumulative, and would have produced a different outcome at the summary-judgment stage.  Stated succinctly, Adams was transferred to the ditch-crew on May 28, 2008, and the counseling record signed by Ivey was dated for that same day.  Adams says that he was given the May 28 counseling record on May 29, at the same time as a letter of reprimand.  Although the court initially concluded that this timeline precluded a retaliation claim related to the counseling record, the Lilley documents raise the

5

specter that Ivey may have been notified about Adams's internal-affairs complaint on May 28. Ivey was interviewed by internal-affairs investigator Lilley on May 29 and may have scheduled the meeting the prior day. As such, the Lilley documents create a genuine dispute over whether the May 28 counseling record was written or signed by Ivey after his notification of Adams's internal-affairs complaint and, therefore, may have been retaliatory. (To be clear: there is no genuine dispute of material fact related to the ditch-crew transfer. Adams's notification of his ditch-crew transfer precipitated his internal-affairs complaint. Thus, the ditch-crew transfer was not in retaliation for the internal-affairs complaint.)

Second, Adams objects to this court's grant of summary judgment on his race-discrimination claim as it relates to the Service Maintenance Worker III position. Adams, however, has not presented any new evidence concerning this claim and simply seeks to reopen an

already resolved issue. Adams's invocation of the city's discovery violations--which were unrelated to this issue--is too speculative to overcome the high hurdle erected by Rule 60(b).

                              * * *

Accordingly, it is ORDERED, as to this court's opinion and order, Adams v. City of Montgomery, 2012 WL 1414979 (M.D. Ala. Apr. 24, 2012) (Doc. No. 73), that:

(1) Plaintiff Willie Adams's motion to reconsider and vacate pursuant to Federal Rule of Civil Procedure 59 (Doc. No. 109) is denied as untimely.

(2) Plaintiff Adams's motion to reconsider and vacate under Federal Rule of Civil Procedure 60(b) (Doc. No. 109) is granted as to the retaliation claim arising out of the May 28 Employee Counseling Record and is denied in all other respects.

DONE, this the 30th day of May, 2012.

                    /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE