IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:10cv924-MHT |
| | ) | (WO) |
| THE CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the
arguments of the parties, it becomes my duty to explain
to you the rules of law that you must follow and apply in
deciding this case.  When I have finished you will go to
the jury room and begin your discussions--what we call
your deliberations.

## I.  INTRODUCTORY INSTRUCTIONS

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not.  Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.  Also, you are not to single out one instruction alone as stating the law but must consider these instructions as a whole.

You must also not let your decision be influenced in any way by either sympathy or prejudice for or against anyone.  Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice or bias or sympathy, follow the law as stated by the court, and render a just verdict regardless of the consequences.  Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion.

2

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

As I have said, you must consider only the evidence-- that is, the testimony of the witnesses and the exhibits--that I have admitted in the record.  However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye

witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that what was said during opening statements and closing arguments is not evidence in the case.  The function of such statements and arguments is to point to those things most significant or most helpful to each side of the case.  It is your own recollection and interpretation of the evidence that controls.  What is said during opening statements and closing arguments is not binding upon you.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

4

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

5

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Now, this is a civil case, not a criminal case.  Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt."  This is not the burden of proof in this case because, as I have said, this is a civil case.

In this case it is the responsibility of the plaintiff to prove every essential part of his claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of

persuasion."  A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.


## II.  DISCUSSION OF PLAINTIFF'S CLAIMS

The plaintiff in this case is Willie Adams.  He is the individual who has brought this lawsuit.  The City of Montgomery is the defendant.  Adams makes two claims for you to consider.

## Claim 1: Race Discrimination

In this case, Adams makes a claim under the federal civil rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, Adams claims that he was disciplined by the City of Montgomery because of his race. Adams contends that his race was an impermissible motivating factor in the September 3, 2008, three-day suspension. Adams also contends that the city's suspension decision factored in other disciplinary actions that were racially motivated: the May 28, 2008, employee counseling record and ditch-crew transfer; the May 29, 2008, letter of reprimand; and the August 7, 2008, letter of reprimand. The court will refer to this claim as Adams's race-discrimination claim.

The City of Montgomery denies that Adams was discriminated against in any way and asserts that it has

8

legitimate, non-discriminatory reasons for its disciplinary actions.

Federal law prohibits employers from discriminating against their employees on the basis of race. An employee's race is what the law refers to as an "impermissible factor" in an employer's actions towards its employees.

In considering Adams's race-discrimination claim, you, the jury, must go through a two-step process. In the first step, you must determine whether Adams has proved by a preponderance of the evidence that his race was a motivating factor in the City of Montgomery's decision to suspend him even though other factors may have also motivated the city. At step one, Adams does not have to prove that race was the only factor; he must simply prove that it was a motivating factor. If he has failed to establish, by a preponderance of the evidence, that his race was a motivating factor for the City of

Montgomery's actions, you should find against Adams and in favor of the city.

If you find in favor of Adams at step one, you, the jury, must go to step two. At step two, you must determine whether the City of Montgomery has proved by a preponderance of the evidence that it would have suspended Adams even in the absence of any consideration of his race. If the city has established this fact by a preponderance of the evidence, then you should find in favor of the City of Montgomery and against Adams. However, if the city has failed to establish this fact by a preponderance of the evidence, and if you also found in favor of Adams at step one, then you should find in favor of Adams in this case.

Therefore, in order for Adams to prevail in his race-discrimination claim, you must find:

> <u>First</u>: That Adams has established by a preponderance of the evidence that his race was a motivating factor directly in the September 3, 2008, three-day suspension, or was a motivating factor in the May 28, 2008, employee counseling

10

record and ditch-crew transfer, the May
29, 2008, letter of reprimand, the
August 7, 2008, letter of reprimand, as
those decisions factored into the
suspension, even though other factors
may have also motivated the City of
Montgomery; and

<u>Second</u>: That the City of Montgomery has
failed to establish by a preponderance
of the evidence that it would have
suspended Adams even in the absence of
any consideration of Adams's race.

Adams has the burden of showing that the City of
Montgomery treated him differently from the way it would
have treated him if he had not been an African-American,
and that the discrimination was intentional rather than
accidental.   If you do not believe the City of
Montgomery's explanation for why it disciplined Adams,
then you may infer, but not need infer, that the city
intentionally discriminated against Adams because of his
race.   Intentional discrimination does not mean that
Adams must prove that the City of Montgomery disliked
African-Americans.  It means only that he must prove that
an employee of a different race would have been treated

differently than he was, and that this difference in treatment would have resulted from purposeful actions, not accidental ones.

You are further instructed that an employer has the right to set the fundamental job requirements of an employment position and may decide to punish an employee for a good reason, a bad reason, or no reason, so long as the decision to set the requirements and the decision to discipline was not because of the employee's race. The law only requires that an employer make disciplinary decisions without regard to impermissible factors. The law does not require an employer to extend any special or favored treatment to an employee because of the employee's race. Therefore, that you might disagree with the City of Montgomery's decision to suspend Adams would not be a basis, by itself, for finding in favor of Adams. Instead, in order to find in favor of Adams, you would have to find that he should prevail under the two-step process described and discussed above.

12

### Claim 2: Retaliation

Adams alleges that the City of Montgomery retaliated, that is, took revenge against him because he had previously taken steps seeking to enforce his lawful rights under federal anti-discrimination statutes. An internal-affairs complaint about race discrimination can be the basis for a federal retaliation claim.

Specifically, Adams alleges that the City of Montgomery retaliated against him for engaging in protected conduct, including the May 28, 2008, internal-affairs complaint and the June 2008 EEOC charge. Adams claims that the following disciplinary actions were retaliatory for engaging in this conduct: the May 28, 2008, employee counseling record; the May 29, 2008, letter of reprimand; the August 7, 2008, letter of reprimand; and the September 3, 2008, three-day suspension. The court will refer to these claims as

Adams's retaliation claims.  You must decide whether each of these disciplinary actions were retaliatory.

The City of Montgomery denies that Adams was retaliated against in any way and asserts that it has legitimate, non-retaliatory reasons for its disciplinary actions.

In considering Adams's retaliation claims, you, the jury, must go through a two-step process.  At the first step, you must determine whether Adams has proved by a preponderance of the evidence that his complaints of race discrimination were a motivating factor for the City of Montgomery's disciplinary action.

In order to establish the claim of unlawful retaliation, Adams must prove by a preponderance of the evidence:

> First: That he engaged in statutorily protected activity, that is, that he in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

14

<u>Second</u>: That an adverse employment action then occurred;

<u>Third</u>: That the adverse employment action was causally related to Adams's statutorily protected activities; and

<u>Fourth</u>: That he suffered damages as a proximate or legal result of such adverse employment action.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. The city does not challenge that Adams's complaints were brought in good faith.

15

For an adverse employment action to be "causally related" to the statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that Adams's protected activity was a substantial, motivating cause that made a difference in the City of Montgomery's decision.

On the other hand, it is not necessary for Adams to prove that his internal-affairs complaint or the EEOC charge was the sole or exclusive reason for the City of Montgomery's decision. It is sufficient if Adams proves that his complaints of race discrimination were a determinative consideration that made a difference in the City of Montgomery's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as

16

you are concerned in this case, an employer may discipline or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or substitute your own judgment for that of the City of Montgomery even though you personally would not approve of the action taken and would have acted differently under the circumstances.

If you find in Adams's favor at step one, you, the jury, must go to step two. At step two, you must decide whether the City of Montgomery has shown by a preponderance of the evidence that Adams would have been disciplined for other reasons even in the absence of the statutorily protected activity. If you find that Adams would have been disciplined for reasons apart from the statutorily protected activity, then your verdict should be for the City of Montgomery.

17

### III.  DAMAGES

If you find for Adams and against the City of Montgomery on any one or more of his claims, you must then decide the issue of Adams's damages.  Of course, if you find that Adams has not succeeded on any of his claims, you need not consider damages at all.  For damages to be the proximate or legal result of a wrongful act, it must be shown that, except for that wrongful act, such damages would not have occurred.

Adams seeks "compensatory" damages from the City of Montgomery.  I will now discuss with you the standard for awarding compensatory damages.

In considering the issue of damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of Adams's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the City of Montgomery.  Also,

18

compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Adams for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others: (1) net lost wages and benefits to the date of this trial; and (2) emotional pain and mental anguish.

19

## IV.  FINAL INSTRUCTIONS

The fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe Adams should or should not prevail.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts.  Your only interest is to seek the truth from the evidence in the case.  When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that if there is a numerical division among the jurors, you are not to advise me as to such division.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date

21

it and sign it, and then you will return to the

courtroom.