IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WILLIE ADAMS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:10cv924-MHT |
| ) | (WO) |
| THE CITY OF MONTGOMERY, ) | |
| ) | |
|     Defendant. ) | |

OPINION AND ORDER

Following discovery violations by defendant City of Montgomery, this court ordered sanctions in the amount of 50 % of reasonable costs and attorney's fees attributable to the delay caused by the city's conduct. Adams v. City of Montgomery, 282 F.R.D. 627, 636 (M.D. Ala. 2012). Because the parties have been unable to agree on a reasonable fee, this court must determine the appropriate amount. For the reasons given below, the court awards plaintiff Willie Adams $ 20,406.20 in reasonable costs and attorney's fees.

I.   STANDARD FOR ATTORNEY'S FEES

When awarding attorney's fees, this court must first calculate the "lodestar" fee: the product of the number of hours reasonably expended to litigate the case and the reasonable hourly rate for work performed by similarly situated attorneys in the community.  Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  After determining the lodestar, the court then addresses whether the award should be adjusted upwards or downwards.  Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565-66 (1986).

In conducting this inquiry, the court is guided by the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  See also Hensley v. Eckerhart, 461 U.S. 424, 429-30 (1983)

---

1.   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(endorsing the Johnson factors).  These twelve factors are:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

Id. at 430 n.3.

The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. This burden requires "specific and detailed evidence from which the court can determine the reasonable hourly rate[,] ... records to show the time spent on the different claims, and the general subject matter of the

3

time expenditures." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  A fee applicant must also exercise "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

## II.  BACKGROUND

An eleventh-hour discovery revelation forced the continuation of the original trial date and precipitated a protracted dispute about whether certain documents were privileged and properly withheld.  This court has already provided a detailed account of the city's discovery violations.  Adams v. City of Montgomery, 282 F.R.D. 627 (M.D. Ala. 2012).[2]  In short, the court found that the city had not provided Adams with a privilege log and had improperly withheld certain documents (such as the signed

---

2. For a discussion of the merits, see Adams v. City of Montgomery, 2012 WL 1414979 (M.D. Ala. Apr. 24, 2012), and Adams v. City of Montgomery, 2012 WL 1952294 (M.D. Ala. May 30, 2012).

witness statements).[3] In light of the city's conduct, the court ordered that:

> "The city will pay Adams's reasonable costs and attorneys' fees related to [Walter] Lilley's deposition because the city failed to notify Adams about Lilley's role in the internal-affairs investigation.  The city will also pay half of Adams's reasonable costs and attorneys' fees for the six motions addressed in this opinion (Doc. Nos. 80, 81, 83, 88, 90 & 94) as well as for the evidentiary hearing of May 16, 2012.  The court finds that these sanctions are appropriate because of the city's initial failure to disclose the [Samuel] Alexander documents, the non-privileged Lilley documents, and the privilege log.  These sanctions are further appropriate given the city's inconsistent positions on whether the Alexander and Lilley documents were disclosed in September 2011 and whether these documents were privileged.  The court, however, awards only 50 % of Adams's reasonable costs and attorneys' fees because Adams's attorneys should have been more diligent in noticing these discovery problems in the fall of 2011 and brought them to the

---

3.  The court also found that some of the documents withheld by the city were protected by the work-product doctrine.  However, the city failed to comply with Federal Rule of Civil Procedure 26(b)(5)'s requirement to supply a privilege log when withholding documents based on a purported privilege.

court's attention before the eve of trial."

Adams, 282 F.R.D. at 636. Accordingly, the sole issue before the court is the reasonableness of Adams's fee request.

### III.  DISCUSSION

Adams's attorneys request the following fee award:[4]

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Cynthia Formean Wilkinson | 49.0 | $ 375 | $ 18,375.00 |
| Alicia K. Haynes | 50.0 | 440 | 22,000.00 |
| Karen Cleveland | 2.5 | 215 | 537.50 |
| Paralegal | 25.0 | 125 | 3,125.00 |
| Costs | N/A | N/A | 100.00 |
| Total | N/A | N/A | $ 44,137.50 |
| 50% of Total | N/A | N/A | $ 22,068.75 |

---

    4.  Wilkinson originally submitted a time sheet with a typographical error: 2.3 hours for work related to the May 7, 2012, hearing instead of 12.3 hours.  Wilkinson subsequently corrected the record during the Johnson hearing.

6

While the jury was deliberating during the first trial, the court conducted a hearing on the attorney's fees issue.  The court's discussion of reasonable hourly rates, reasonable hours, and the Johnson factors is informed by that hearing and evidence submitted on the record.


A.  Reasonable Hourly Rates

"The rate of attorney's fees is that of the place where the case is filed."  Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).  This case was filed in Montgomery, Alabama, and "the court's determination of attorney's fees must also be guided by the prevailing market rate."  Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007) (Thompson, J.).

At the Johnson hearing, Cynthia Foreman Wilkinson testified that she has been practicing law since 1989 and has worked in the labor and employment field for around

a decade. Alicia K. Haynes stated that she has been an attorney for 25 years and has worked exclusively in labor and employment law for the past two decades. Both Wilkinson and Haynes testified that the other's hourly rate was reasonable. They also averred that their associate's (Karen Cleveland) and their paralegal's rates were reasonable. Adams's attorneys have submitted opinions in similar cases from across Alabama showing fee awards in the range of their hourly rates.

The court finds that, notwithstanding Haynes's experience in the field of employment law, her hourly rate is inflated. The court notes that Haynes is charging rates more appropriate for Birmingham. Perhaps because it is a much smaller city, Montgomery's legal rates are lower than Birmingham's. To take one example: "In this market, the Court has found the range of $ 300.00 to $ 375.00 applicable for attorneys with over 20 years of experience. It also has found the applicable range for attorneys with 10 years of experience at

$ 200.00 to $ 250.00, and the applicable range for an attorney one to two years of experience at $ 160.00 to $ 185.00." Alfa Corp. v. Alfa Mortgage, Inc., 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008) (Watkins, J.); see also Gaylor v. Comala Credit Union, 2012 WL 1987183, *3 (M.D. Ala. June 1, 2012) (Thompson, J.) (using the same fee structure); Simpleville Music, 511 F. Supp. 2d at 1163 (same).

As such, the court will reduce Haynes's hourly rate to $ 375. The court further finds that a $ 215 hourly rate for a newly minted attorney (Cleveland) is unreasonable and reduces her hourly rate to $ 185. The court concludes that Wilkinson's hourly rate of $ 375 and the paralegal rate of $ 125 are reasonable.

B. Reasonable Hours

The city makes several objections to Adams's fee request. The city claims that Adams's counsel are not entitled to fees for a hearing conducted on May 7, 2012,

9

because that hearing fell outside the scope of the court's sanctions order.  Although not explicitly enumerated in the sanctions order, the May 7 hearing addressed two of the six motions for which the court awarded costs and reasonable attorney's fees.  The entire purpose of the May 7 hearing was to sort out the rapidly developing discovery dispute and decide whether a continuation of the trial was necessary.  As such, the court finds that the May 7 hearing falls within its sanctions order as work on two of the six motions addressed in that opinion.

The city similarly believes that fees requested for a response to the deposition of city investigator Walter Lilley, Jr., are outside the court's order.  On this point, the court's sanctions order specifically encompassed "reasonable costs and attorneys' fees <u>related to</u> Lilley's deposition."  <u>Adams</u>, 282 F.R.D. at 636 (emphasis added).  Haynes's 1.5 hours for drafting a

response to the city's deposition-related objection falls within that language.

The city also alleges duplicate billing for work on the same motions. To be sure, Adams's counsel spent a considerable amount of time on the discovery dispute. So did this court. The city's shifting legal and factual positions necessitated a thorough investigation of the record. The court finds no evidence of duplicate billing given its own experience with this complicated discovery dispute.

Finally, the city asserts Adams's counsel billed too much time for the May 16, 2012, hearing. Wilkinson and Haynes billed 5.5 and 6 hours respectively. Court records indicate the hearing lasted for one hour and 20 minutes. After factoring in preparation time and the three-to-four hour round-trip drive between Birmingham and Montgomery, the court finds that Wilkinson's and Haynes's requests for the May 16 hearing are reasonable.

C.  The Johnson Factors

After adjusting for local hourly rates, the lodestar figure is calculated as follows:[5]

| Attorney     | Hours | Rate   | Total        |
|--------------|-------|--------|--------------|
| Wilkinson    | 49.0  | $ 375  | $ 18,375.00  |
| Haynes       | 50.0  | 375    | 18,750.00    |
| Cleveland    | 2.5   | 185    | 462.50       |
| Paralegal    | 25.0  | 125    | 3,125.00     |
| Costs        | N/A   | N/A    | 99.90        |
| Total        | N/A   | N/A    | $ 40,812.40  |
| 50% of Total | N/A   | N/A    | $ 20,406.20  |

Adams's attorneys have submitted oral and written evidence related to the Johnson factors.  The court finds that Wilkinson's and Haynes's skill and reputation, the awards in other civil rights cases, and the contingent fee arrangement point toward an increase in the lodestar figure.

---

5.  The court also corrected the figure for costs due to a rounding error in Adams's attorneys' submission. Adams's counsel requested a mileage rate of $ 0.555 for 180 miles, which is $ 99.90, not $ 100.

12

However, the court concludes that Adams's counsel's failure to uncover promptly some of the discovery violations precludes an increase in the lodestar figure.[6] Under the Johnson factors, the "results obtained" were less impressive because of Adams's attorneys' delay. If this dispute had been resolved earlier, the continuation of the trial would have been unnecessary. Additionally, the compressed nature of the discovery dispute artificially increased other Johnson factors--"the time and labor required," "the novelty and difficulty of the [discovery] questions," "the preclusion of employment by the attorney due to acceptance of the case," and the "time limitations imposed ... by the circumstances"--that would

---

6. As the court detailed in its sanctions opinion, "Adams's attorneys should have recognized the city's discovery violations prior to May 2012." Adams, 282 F.R.D. at 635. Specifically, Adams's counsel should have noticed irregularities in the Bates Stamped documents that had been disclosed and uncovered the city's failure to turn over of the Alexander documents. Adams's counsel, however, are not at fault for their failure to uncover the so-called Lilley documents given the city's failure to provide a privilege log or mention Lilley's existence.

normally mitigate in favor of an increase in the lodestar figure.  Hensley, 461 U.S. at 430 n.3.  In other words, the discovery dispute would have required far less time and energy if it had been sorted out months before trial.[7]

* * *

Accordingly, it is ORDERED that plaintiff Willie Adams's motion for attorney's fees (Doc. No. 120) is granted and that attorney's fees and costs in the amount of $ 20,406.20 are awarded to plaintiff Adams from defendant City of Montgomery.

DONE, this the 18th day of November, 2013.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

---

7.  Similar considerations factored into the court's sanctions decision to award only 50 % of reasonable attorneys fees and costs.